RECEIVED
IN MONROE, LA

FEB 9   2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; and BMG MUSIC, a New York general partnership, | CIVIL ACTION NO.  3:06-cv-02350-RGJ-KLH |
| Plaintiffs, | JUDGE JAMES |
| | SECTION |
| v. | MAGISTRATE JUDGE HAYES |
| TRACY LOLLIE (AKA TRACY RODRIGUEZ), | |
| Defendant. | |

## ~~[PROPOSED]~~ JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION

The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties,

IT IS ORDERED AND ADJUDGED THAT:

1.      Plaintiffs have alleged that Defendant distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501.  Without admitting or denying liability, Defendant has not contested plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

2.     Defendant shall pay to Plaintiffs in settlement of this action the sum of

$4150.00.

3.     Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and

service of process fee) in the amount of $350.00.

4.     Defendant shall be and hereby is enjoined from directly or indirectly

infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in

existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or

affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

> (a)     using the Internet or any online media distribution system to reproduce
>
> (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload)
>
> any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings
>
> available for distribution to the public, except pursuant to a lawful license
>
> or with the express authority of Plaintiffs; or

> (b)     causing, authorizing, permitting, or facilitating any third party to access
>
> the Internet or any online media distribution system through the use of an
>
> Internet connection and/or computer equipment owned or controlled by
>
> Defendant, to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to
>
> distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of
>
> Plaintiffs' Recordings available for distribution to the public, except
>
> pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third

party that has used the Internet connection and/or computer equipment owned or controlled by

Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or

2

server owned or controlled by Defendant, and shall destroy all copies of those downloaded
recordings transferred onto any physical medium or device in Defendant's possession, custody,
or control.

5.      Defendant irrevocably and fully waives notice of entry of the Judgment
and Permanent Injunction, and understands and agrees that violation of the Judgment and
Permanent Injunction will expose Defendant to all penalties provided by law, including for
contempt of Court.

6.      Defendant irrevocably and fully waives any and all right to appeal this
Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial
thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7.      Nothing contained in the Judgment and Permanent Injunction shall limit
the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right
under federal copyright law or state law occurring after the date Defendant executes the
Stipulation to Judgment and Permanent Injunction.

8.      Defendant shall not make any public statements that are inconsistent with
any term of the Stipulation to Judgment and Permanent Injunction.

9.      The Court shall maintain continuing jurisdiction over this action for the
purpose of enforcing this final Judgment and Permanent Injunction.

DATED: February 9, 2007          By: _____

Hon. Robert G. James
United States District Judge

3